## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC WARE, Inmate #R32516, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-468-GPM |
| | ) | |
| ALAN UCHTMAN, KRISTA SCHORN, | ) | |
| C/O PRANGE, and REGINA SUMMERS, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim upon which relief may be

Page 1 of  13

granted.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:    Against Defendants Uchtman and Prange for deliberate indifference to Plaintiff's serious medical needs.

COUNT 2:    Against Defendant Uchtman for unconstitutional conditions of confinement.

COUNT 3:    Against Defendant Schorn for denying Plaintiff access to courts.

COUNT 4:    Against Defendant Schorn for unconstitutional retaliation.

COUNT 5:    Against Defendant Summers for denying Plaintiff's request to phone his attorney.

### COUNT 1

Plaintiff states that he suffered an asthma attack on December 17, 2005, while in his cell in segregation at Menard.  He used his inhaler, but it did not stop the attack.  He could not yell out for help because he could not catch his breath.  The cell did not contain a medical emergency call button.  Eventually, other inmates who could hear Plaintiff in distress began calling out to guards for assistance.  Plaintiff estimates that he had to wait 15 to 20 minutes for medical assistance, during which time he could not breathe well and suffered from chest pain.  Plaintiff states that the full attack could have been stopped had he received a breathing treatment.  Plaintiff states that Defendant Uchtman refuses to install emergency call buttons in the cells of asthmatics.

On January 16, 2006, Plaintiff suffered another asthma attack brought on by the cold temperature and poor ventilation in his cell.  He was forced to wait ten minutes before a prison employee found him and another five minutes before he was seen by medical personnel.  Plaintiff states that prior to this attack he had complained to Defendant Uchtman about the cold temperature and poor ventilation in the cell.

On March 22, 2006, Plaintiff informed Defendant Prange that he was having difficulty breathing and needed his inhaler.  Defendant Prange refused to assist Plaintiff, telling him that he wouldn't receive any medical attention because of a "smart remark" that Plaintiff had made to Defendant Prange earlier that day.  Plaintiff later had an asthma attack and had to use the inhaler of another inmate because Defendant Prange had refused to provide him with his own.  That evening, Plaintiff was issued a new inhaler by medical staff.

On April 18, 2006, after Plaintiff had been placed in a segregation cell with a steel door, he suffered another asthma attack and had to be rushed to the medical unit for a breathing treatment. Plaintiff states the attack was brought on by the over 80-degree temperature in the cell.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106; *see also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996).

A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act

> or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id.*; *see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he knows of and disregards an excessive risk to inmate health or safety.

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (internal quotation omitted); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical

risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff believes he received inadequate medical treatment for these asthma attacks.  He names only Defendants Prange and Uchtman in his allegations.  Thus, these are the only two defendants who will be considered under this count.

### *Defendant Prange*

Plaintiff states that Defendant Prange deliberately refused to give Plaintiff his inhaler because of a comment Plaintiff had made to him earlier in the day.  Shortly thereafter, Plaintiff suffered an asthma attack and had to borrow an inhaler from another inmate.  Based on the legal standards outlined above, Plaintiff has sufficiently alleged that Defendant Prange acted with deliberate indifference to his serious medical need because he has demonstrated his medical need (asthma) and that Defendant Prange acted with the requisite culpable state of mind.  Therefore, Plaintiff may proceed against Defendant Prange on Count 1 of the complaint.

### *Defendant Uchtman*

Plaintiff states that Defendant Uchtman acted with deliberate indifference to Plaintiff's serious medical needs because he had not installed emergency call buttons in the cells of asthmatics at Menard, thus causing Plaintiff to suffer unnecessarily when the asthma attacks occurred.  Based on the standards outlined above, Plaintiff has failed to state a claim that Defendant Uchtman acted with deliberate indifference to his serious medical needs.  Although Plaintiff may have a serious

medical need, he has not shown how Defendant Uchtman acted with the requisite culpable state of

mind to constitute deliberate indifference here.  Furthermore, a plaintiff cannot state a claim against

a defendant under section 1983 unless he shows that defendant was personally responsible for the

constitutional deprivation.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Accordingly,

Defendant Uchtman is **DISMISSED** from Count 1of the complaint.

### COUNT 2

Plaintiff states that Defendant Uchtman allowed him to remain in his extremely-cold, poorly-

ventilated cell, causing him to suffer hypothermia, fever, regurgitation, flu, asthma attacks,

headaches, arthritis, and sore throat.  Plaintiff states that it was so cold in his cell that the water in

the toilet was frozen one morning.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states

through the Fourteenth Amendment.  It has been a means of improving prison conditions that were

constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers*

*v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman*,

452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit

the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the

severity of the crime.  The Constitution also prohibits punishment that is totally without penological

justification.  *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic

human needs like food, medical care, sanitation, and physical safety.  *Rhodes,* 452 U.S. at 346; *see*

*also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a

conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective

and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official have a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to

suffer the harm.  *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough.  *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff states that he spoke with Defendant Uchtman about the cold and lack of ventilation in his cell, and that this caused him to have asthma attacks.  It does not appear that his conditions changed as a result of this conversation.  This is sufficient to state an Eighth Amendment claim regarding the extremely-cold and poorly-ventilated cell.  Accordingly, Plaintiff may proceed against Defendant Uchtman on Count 2 of the complaint.

### COUNT 3

Plaintiff states that Defendant Schorn, a law librarian at Menard, refused to make copies for Plaintiff, thus causing two of his appeals to be dismissed and causing him to miss court deadlines in two cases.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Id.*

Plaintiff has sufficiently alleged that Defendant Schorn's refusal to assist him with copying his legal papers caused two of his appeals to be dismissed and caused him to miss deadlines in two other cases.  Under the legal standards described above, Plaintiff has stated a claim.  Plaintiff may proceed against Defendant Schorn on Count 3 of the complaint.

## COUNT 4

Plaintiff states that he filed a case in state court against Defendant Schorn.  When he came to the library, Defendant Schorn falsely accused him of "curs[ing] her out," causing Plaintiff to be returned to segregation.  Plaintiff states that Defendant Schorn's false accusation was in retaliation for the state lawsuit.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Based on these legal standards, Plaintiff has sufficiently stated a claim of retaliation, and he may proceed against Defendant Schorn on Count 4 of the complaint.

## COUNT 5

Plaintiff states that Defendant Summers refused to allow him to call his attorney regarding a pending civil matter.  Exhibits submitted with the complaint indicate that Plaintiff's denial of use of the telephone was a restriction based on his status in c-grade.  He was informed in writing that to speak with his attorney, he would have to write him or her a letter requesting a return call.  He also was informed that Legal Services at Menard would assist him in setting up the return call.

The Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 115 S.Ct. 2293 (1995), and regulations limiting telephone use by inmates have

been sustained routinely as reasonable.  *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982) (inmates have no right to unlimited telephone use).  Moreover, Plaintiff is not completely barred from communicating with his attorney.  He was specifically allowed to write his attorney to schedule a call.  Although letter-writing may not be as efficient or timely a means of communication, the Constitution does not require that prison officials choose the least restrictive alternative.  *Thornburgh v. Abbott,* 490 U.S. 401, 411 (1989).

Likewise, the telephone policy at Menard does not unconstitutionally restrict Plaintiff's access to the courts, as inmates have no right to any particular means of access to the courts, *Shango v. Jurich,* 965 F.2d 289, 293 (7th Cir. 1992).  Further, Plaintiff has not identified any specific prejudice to contemplated litigation by his inability to contact his attorney by phone.  *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  Therefore, he has not presented a viable constitutional claim regarding the restrictions on telephone access.  Accordingly, Count 5 is **DISMISSED** with prejudice from the action.  *See* 28 U.S.C. § 1915A. Because Defendant Summers is associated only with this count of the complaint, she is **DISMISSED** as a defendant from the action.

## SUMMARY

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Prange, Uchtman, and Schorn***.  The Clerk shall forward those forms, USM-285 forms submitted

by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Prange, Uchtman, and Schorn*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.   Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by any Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file

the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal

of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff submitted a letter, which the Court construes as a motion requesting service of process.  The Court has now completed its threshold review and has ordered service on the remaining defendants.  Accordingly, Plaintiff's request for service (Doc. 6) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  07/16/07

s/ G. Patrick Murphy
G. Patrick Murphy
Chief United States District Judge