IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WARE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **06-468-GPM** |
| ) | |
| **ALAN UCHTMAN, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the court is plaintiff Ware's Motion for Disqualification of a Magistrate Judge. **(Doc. 15)**.

Plaintiff brings his motion under 28 U.S.C. §144, which requires that a judge recuse himself when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state "the facts and the reasons for the belief that bias or prejudice exists."

Ware has filed an affidavit in which he says that he "truly believe[s] that ... Judge Proud is prejudice[d] against myself . . . and may be prejudice[d] against Muslims." The reasons for that belief are stated as follows:

1. This judge "avocated [sic] for the defendants, and looked over all of their perjured testimony." Affidavit, ¶4.

2. This judge "is known by several inmates to be deliberately indifferent to them." Affidavit, ¶5.

1

    3.       The entire Southern District is prejudiced against Muslims, the majority of juries are white, and "non-whites do not get a fair shot in the Southern District." Affidavit, ¶5.

    4.       This judge has granted defendants' motion for extensions of time, but has denied one filed by plaintiff, and has ruled more quickly on defendants' motions than on plaintiff's. Affidavit, ¶6.

The requirements of Section 144 "are to be strictly construed to prevent abuse." ***U.S. v. Sykes***, **7 F.3d 1331, 1339 (7th Cir. 1993)**. The motion and affidavit must show actual bias on the part of the judge, meaning "personal animus or malice." ***U.S. v. Balistrieri***, **779 F.2d 1191, 1201 (7th Cir. 1985)**. Bias must be shown by legally sufficient facts; "conclusions, opinions, or rumors" do not suffice to establish such bias or prejudice as would require recusal. ***Hoffman v. Caterpillar, Inc.***, **368 F.3d 709, 718 (7th Cir. 2004).**

The movant must prove the existence of actual bias or prejudice by "compelling evidence." ***Hook v. McDade***, **89 F.3d 350, 355 (7th Cir. 1996)**. Bias must arise from an extrajudicial source. Disagreement with a judge's rulings does not suffice to show bias or prejudice; "judicial rulings are grounds for appeal, not disqualification." ***Id.*** Section 144 does not afford a litigant an opportunity to shop for a judge until he finds one that he likes.

Plaintiff has not demonstrated any bias or prejudice against him, and this judge indeed harbors none. The opinions of other inmates or of plaintiff do not suffice to show bias or prejudice, and plaintiff's allegations regarding the racial composition of juries in this District have no bearing on this judge's attitudes towards him. That leaves only the claims regarding this judge' rulings in this case.

The "facts" offered by plaintiff establish only that this judge has denied some of his motions, has granted some of defendants' motions, and has recommended that plaintiff's motion

for summary judgment be denied.  Disagreement with a judge's rulings does not suffice to show bias or prejudice; "judicial rulings are grounds for appeal, not disqualification." **Hook v. McDade**, 89 F.3d 350, 355 (7th Cir. 1996).  "Rulings and findings made by a judge in the course of a judicial proceeding are not in themselves sufficient reasons to believe that the judge has a personal bias or prejudice for or against a party." **U. S. v. Amick**, 439 F.2d 351, 369 (7th Cir. 1971).  See also, **U. S. v. English,** 501 F.2d 1254, 1263 (7th Cir. 1974); **Sykes**, 7 F.3d at 1339.

This judge is not biased or prejudiced against plaintiff's case, and has acted in a fair and impartial manner as to all parties in this case.  There are no grounds for disqualification or recusal.  It is the duty of a judge not to recuse when no grounds for recusal exist.  **U. S. v. Ming, 466 F.2d 1000, 1004 (7th Cir. 1972).**

Upon consideration and for good cause shown, plaintiff Ware's Motion for Disqualification of a Magistrate Judge **(Doc. 15)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  October 2, 2007**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**